618 So.2d 1183 (1993)
Ricky L. PICARD, Plaintiff-Appellant,
v.
DYNAMIC OFFSHORE CONTRACTORS and Gray Insurance Co., Defendants-Appellees.
No. 92-1210.
Court of Appeal of Louisiana, Third Circuit.
May 12, 1993.
*1184 Scott Edward Frazier, Abbeville, for Ricky L. Picard.
Marjorie Gayle O'Connor, Lafayette, for Dynamic Offshore Contractors, etc.
Before GUIDRY, STOKER and DECUIR, JJ.
GUIDRY, Judge.
The claimant in this case was employed by Dynamic Offshore Contractors, Inc. as a "structural fitter". During the course of his employment with Dynamic and specifically during the week beginning April 15, 1991, he began to develop a soreness in his left elbow. He stated that at the time he was assisting in the construction of a mobile waste plant and was utilizing "C-clamps" which when tightened or loosened required repetitive rotation of his hand and forearm. When the pain continued and worsened he sought medical attention from his family doctor who diagnosed epicondylitis, commonly known as "tennis elbow". After this diagnosis, plaintiff informed his employer and completed an employer's report of injury or disease. He remained off of work for some six weeks and, after being released to work by his treating physician, Dr. John Thibodeaux, he returned to his employment with Dynamic until he was laid off at the end of July, 1991.
On July 30, 1991, plaintiff filed a claim for worker's compensation with the Office of Workers' Compensation Administration (OWC). This matter came to trial before the OWC on May 11, 1992. At the conclusion of the plaintiff's case in chief, the attorney for defendants moved for a directed verdict which was granted.
The hearing officer rendered oral reasons for judgment finding, in essence, that plaintiff did not establish by a preponderance of the evidence that he sustained a work-related injury as a result of an accident as defined by La.R.S. 23:1021(1) nor did he establish that he suffers from an "occupational disease" as that term is defined in La.R.S. 23:1031.1(B). Plaintiff appealed.
On appeal, plaintiff does not question the hearing officer's determination that he did not suffer an injury by accident, but urges only that the hearing officer erred in finding that he does not suffer from an "occupational disease" as defined by R.S. 23:1031.1.
In ruling upon a motion for directed verdict in a nonjury trial, the court is required to evaluate the evidence presented and must grant dismissal if plaintiff has not established his claim by a preponderance of the evidence. Semien v. P.P.G. Industries, Inc., 413 So.2d 956 (La.App. 3rd Cir.1982), and cases therein cited.
La.R.S. 23:1031.1(B) defines occupational disease as follows:
"An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section." (Emphasis ours)
Dr. Thibodeaux did not testify but his notes were admitted into evidence without objection. According to these notes, Dr. Thibodeaux attributed plaintiff's complaint of "tennis elbow" to his use of the C-clamps. He further stated that appellant was not responding to conservative treatment and might need surgery. The only other medical evidence presented was that of Dr. Michael Heard, a specialist in orthopedic medicine, who examined plaintiff on one occasion. Dr. Heard testified that his examination disclosed no objective signs of disability but, based upon a subjective history and subjective examination, he diagnosed plaintiff as suffering from "lateral epicondylitis, or tennis elbow". Although Dr. Heard agreed that the condition complained of by appellant appeared to be consistent with the work activity described in using C-clamps, he candidly stated that *1185 "tennis elbow" is likewise consistent with "... regular activities of daily living, repetitive microtraumas of daily living, a sporting event, overuse, a traumatic injury ...".
The hearing officer concluded that appellant failed to establish that epicondylitis or tennis elbow was a condition characteristic of and peculiar to his trade or occupation as a "structural fitter" as required by R.S. 23:1031.1(B). There is no evidence in the record regarding the incidence of "tennis elbow" in persons engaged in the trade or occupation of "structural fitters". The record supports the hearing officer's conclusion. However, in any event, such finding is not clearly wrong. We affirm. Appellant is cast with all costs of this appeal.
AFFIRMED.