|, STEWART, Judge.
Plaintiff, Sandra Scott (Scott) appeals the workers’ compensation judge’s (WCJ) denial of attorney fees and penalties under workers’ compensation statute. For the reasons mentioned herein, we affirm.
FACTS
Sandra Scott injured her left knee on October 30, 1998, while working at the Rutherford House. The parties stipulated to this fact at trial. Scott subsequently injured her right knee, and asserted that the on-the-job injury to the left knee was a direct cause of the subsequent right knee injury. Rutherford House, Deep South Surplus, and Clarendon National Insurance Company, the defendants herein, provided treatment for Scott’s left knee injury, but did not authorize treatment for her right knee injury.
The WCJ found that there was in fact a causal relationship between the injury to Scott’s right knee injury and her left knee injury. The WCJ attributed the damage to the right knee to the increased weight bearing caused by the injury to the left knee. Consequently, the WCJ ruled that the right knee injury was compensable under the workers’ compensation statute.
Scott also argued that the defendant’s denial of treatment for her right knee injury was arbitrary and capricious, and that the defendants failed to reasonably controvert her claim for treatment for her right knee. For this reason, Scott requested penalties and attorney fees as provided by the workers’ compensation statute. The WCJ ruled against Scott on this issue and found that the defendants reasonably controverted her claim for medical treatment of the right knee, and as such, no penalties or attorney fees were warranted. That denial is the sole issue on appeal.
| .DISCUSSION

Denial of Penalties and Attorney Fees

Determination of whether an employer and insurer should be cast with penalties and attorney fees in a workers’ *976 compensation action is essentially a question of fact and should not be disturbed on appeal absent manifest error. Spence v. Indus. NDT, 31,744 (La.App. 2d Cir.3/31/99), 731 So.2d 473. Whether the refusal to pay workers’ compensation benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the employer at the time of the refusal. Id.
Scott asserts that the defendants’ denial of treatment for the secondary injury to her right knee injury was arbitrary and capricious. Scott’s surgeon and primary physician, Dr. Edward Morgan, treated her twenty-five (25) times between December 17, 1998, and August 16, 2000, including surgery on the right knee March 3, 1999. During an examination on October 14, 1999, Dr. Morgan concluded that Scott’s right knee had been aggravated by the additional stress placed on it by the recovery of the left knee. Scott contends that Dr. Mead, the defendants’ physician, only examined Scott once and formulated the opinion that was the sole basis of the defendants’ denial of treatment to her left knee. Scott argues that Dr. Morgan, as the treating physician, was in a far better position than Dr. Mead to properly evaluate her condition. Thus, it was unreasonable for the defendants to deny the requested treatment of the right knee. Scott contends that there has never been a dispute between the two physicians.
Scott cites Aguillard v. Ind. Constr. Co., 542 So.2d 774 (La.App. 3d Cir.1989), 'for the proposition that an employer who refuses to pay medical benefits based upon a single medical report in contrast to “substantial medical evidence” controverting that one report will be liable for penalties and attorney fees. However, a court is not bound to blindly give credence to the opinion of the plaintiffs treating physicians. Davison v. Horseshoe Casino, Inc., 31,166 (La.App. 2d Cir.10/28/98), 720 So.2d 785. Thus, the central issue is whether or not the information the defendants received reasonably controverted the diagnosis of the plaintiffs physician.
It is well established that greater weight should be given to the opinion of the treating physician. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982); Harris v. Coushatta Indus. Sand, Inc., 31,977 (La.App. 2d Cir.6/16/99), 741 So.2d 143. However, in the instant case, it is significant that Scott withheld vital information from Dr. Morgan, her treating physician, that she only revealed to Dr. Mead. Specifically, Scott failed to inform Dr. Morgan that she had previously injured the left knee on the job several years prior to the accident at the Rutherford House. Furthermore, Scott had two surgeries on the left knee prior to the surgery on the right knee. Scott was not truthful to her treating physician, and the WCJ noted this lack of credibility in her opinion. It is Scott’s failure to fully disclose her previous condition to her treating physician that contributed to the differing conclusion regarding the requested treatment by each doctor.
1/The defendants reasonably controverted the medical evidence presented by Scott regarding the requested treatment. Thus, the denial of authorization for treatment could not be arbitrary nor capricious. The WCJ was correct in not awarding attorney fees and penalties to Scott.
CONCLUSION
Based on the foregoing, we affirm the decision of the WCJ. Costs of this appeal are assessed to the appellant'.
AFFIRMED.
*977 APPLICATION FOR REHEARING
Before STEWART, GASKINS, CARAWAY, PEATROSS, and KOSTELKA, JJ.
Rehearing denied.