852 So.2d 983 (2003)
Kenda FITE
v.
LOUISIANA TITLE COMPANY.
No. 2002-C-2607.
Supreme Court of Louisiana.
June 27, 2003.
*984 PER CURIAM.
Granted. The court of appeal erred in holding that expert testimony is required to support a hearing officer's finding of an occupational disease. The court further erred by failing to consider evidence that was erroneously concluded to be not properly admitted into evidence at trial.
Citing as support for the premise that an expert must testify at the compensation hearing, the CA cites Hymes v. Monroe Mack Sales, 682 So.2d 871 (La. App. 2nd Cir.1996); Price v. City of New Orleans, 95-1851 (La.App. 4th Cir.03/27/96), 672 So.2d 1045, writ denied, 96-1016 (La.10/25/96), 681 So.2d 360; and Picard v. Dynamic Offshore Contractors, 618 So.2d 1183 (La.App. 3rd Cir.1993). The Hymes case merely states as a legal principle, "Expert testimony is required to support a finding of an occupational disease," and cites Price and Picard. 682 So.2d at 874. In Price, the fourth circuit concluded:
While not all diseases suffered by working individuals are occupational diseases, the diagnosis of a disease as an "occupational" disease requires expert testimony. No court would find an "occupational disease" solely on the basis of lay testimony. 672 So.2d at 1048
In addition, the Picard case does not find that an expert is required to testify at the hearing. Picard simply concludes that, "There is no evidence in the record regarding the incidence of `tennis elbow' in persons engaged in the trade or occupation of `structural fitters'." 618 So.2d at 1184. While these CA cases involve the need for expert testimony, they do not support the notion that "expert testimony" means that an expert must testify at the compensation hearing.
The rules governing the practice and procedures before the Workers' Compensation Court are located in the Louisiana Administrative Code.[1] According to these regulations,
Expert testimony may be admitted by:
A. reports of any health care provider certified as a true copy in accordance with the 13:3715.1;
B. deposition;
C. oral examination in open court proceedings; however, no more than two physicians may present testimony for either party except by order of the judge;
D. any other manner provided by law.
La. Admin. Code tit. 40, § 6209 (March 2002). Thus, according to this rule, live expert testimony at the hearing is not required in order to support a finding of an occupational disease.
Furthermore, although the production of documents is generally governed by the provisions of the Code of Civil Procedure, the Administrative Code specifically provides:
Within 10 days of receiving a copy of another party's medical report, the recipient shall advise the judge in writing if there is an objection to the admission *985 of the report in evidence. A copy of the objection shall be mailed to all parties of record in the suit. Unless the judge and all parties are timely notified of the objection, the recipient of the report shall be deemed to have waived the right to object and the report shall be admitted into evidence for all purposes at the trial. When a timely objection is received, the judge may set a hearing on the motion, or rule on the matter at the trial on the merits. The judge further has the discretion to order, after a contradictory hearing, a deposition of the doctor if necessary to clarify a report or to obtain additional information, during the discovery period or at the trial on the merits.
La. Admin. Code tit. 40, § 5933(B). According to this rule, if the recipient party does not object to the admission of a report into evidence, the medical report is deemed to be properly admitted into evidence for all purposes at trial. In the present case, the court of appeal improperly found that certain evidence referenced in the hearing officer's reasons for judgment were not "properly admitted at trial." Therefore, the court of appeal erred in failing to consider this evidence when determining whether the claimant met her burden of proof.
It is well settled in Louisiana jurisprudence that the manifest error standard of appellate review applies in compensation actions even when the evidence before the trier of fact consists solely of written reports, records, and depositions. Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La.1992); Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825, 826 (La.1987). Accordingly, the judgment of the court of appeal is set aside, and the case is remanded to the court of appeal to review the record under the manifest error standard of appellate review.
NOTES
[1] La. R.S. 23:1310.1(C)

The director [of the office of workers' compensation administration] shall have authority to adopt reasonable rules and regulations, including the rules of procedure before the workers' compensation judges, according to the procedures established by the Administrative Procedure Act. All rules and regulations properly approved and promulgated under the Administrative Procedure Act, shall be consistent with the Workers' Compensation Law and shall be binding in the administration of that law.