870 So.2d 1067 (2004)
David CAMERON
v.
DELTA PLUMBING.
No. 2003 CA 0985.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 2004.
*1069 David E. Cameron, Picayune, MS, Plaintiff/Appellee, David E. Cameron, in Pro Se.
L. Jay McCreary, John J. Erny, III, Metairie, LA, for Defendants/Appellants.
(Court Composed of Judge James F. McKay, III, Judge Max N. Tobias, Jr., and Judge Leon A. Cannizzaro, Jr.).
MAX N. TOBIAS, JR., Judge.
This is a workers' compensation case. After trial on the merits, the trial judge found that the claimant had sustained a work-related injury on 19 March 1999 in the course and scope of his employment for his employer and was entitled to recover temporary total disability benefits for an unspecified period of time commencing 19 March 1999; medical, medication, and transportation expenses commencing 19 March 1999; and penalties for the employer's arbitrary and capricious actions.[1] The trial court further ordered that a future hearing be at a later unspecified date conducted to determine the duration of the claimant's disability.
The claimant, David Cameron ("Cameron"), was working for Delta Plumbing ("Delta") on 19 March 1999 when he allegedly suffered a work-related accident. Specifically, Cameron claims that he injured his back when he fell picking up a jackhammer.[2] At the time of the alleged accident, Cameron was working with the *1070 co-owner of Delta, Frank Schellange ("Schellange"), at a jobsite. Testimony established that Schellange did not actually see the incident, but was immediately made aware of it by Cameron. Cameron was seen in the emergency room of East Jefferson General Hospital that day, complaining of back pain. The emergency room personnel recommended bed rest of unspecified duration and that Cameron should follow-up with his treating physician.
Shortly thereafter, Cameron contacted the Delta office and informed Schellange's son, the bookkeeper for Delta, that he would not be able to return to work for 10 to 14 days due to his injury. Cameron never returned to work with Delta and never filed an accident report with Delta. Cameron began treating with J. Monroe Laborde, M.D., for back pain on 23 March 1999. On 3 April 2000, a disputed workers' compensation claim was filed. Cameron testified that he had not worked since the accident and had not been paid workers' compensation benefits.
This matter proceeded to trial before a workers' compensation judge, the Honorable Clara F. Toombs, on 10 July 2002. Before judgment could be rendered, Judge Toombs stepped down to run for political office and her successor, the Honorable Sylvia T. Steib, rendered judgment, without written or oral reasons, on 3 January 2003 after a review of the transcript and record.
The judgment awarded Cameron temporary total disability benefits of unspecified duration commencing 19 March 1999, payment of all medical, medication, and transportation expenses (of an unspecified amount) commencing 19 March 1999, and penalties in the amount of $2,000.00 for the employer's arbitrary and capricious refusal to pay benefits. The court further ordered that a contradictory hearing be conducted at a later time to determine the duration of Cameron's disability. The record on appeal does not reflect that the contradictory hearing has taken place. Nothing in the record indicates that the trial court would determine the quantum, if any, of any medical, medication, or transportation expenses at a later date.
Delta and its workers' compensation insurer, Hartford Insurance Company, (hereinafter collectively referred to as the "appellants"), timely filed this devolutive appeal. The appellants assign as error the workers' compensation judge's finding that Cameron met the requisite burden of proof establishing his entitlement to compensation benefits.
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556.
A claimant in a workers' compensation proceeding has the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850, p. 3 (La.App. 4 Cir. 7/29/98), 720 So.2d 349, 352. In order for a claimant to be entitled to recover workers' compensation benefits, he or she must prove by a preponderance of the evidence that a work-related accident occurred and that an injury was sustained. A claimant's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
La. R.S. 23:1031(A) provides for the payment of compensation if an employee sustains personal injury as the result of an *1071 accident arising out of and in the course of employment. In determining whether a worker has shown by a preponderance of the evidence that an injury causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant's testimony is accorded great weight. Bruno, supra at 361.
In the present case, the appellants base their argument on the fact that the accident was un-witnessed and that Cameron never completed or executed an accident report. After a thorough review of the record, we see no error on the part of the trial court in finding that Cameron sustained a work-related injury in the course and scope of his employment for Delta.
It is clear from the trial testimony that although Schellange may not have seen Cameron fall, he was immediately made aware of the incident. Further, Schellange acknowledged that Cameron had to do lighter work for the rest of that day after the incident. Finally, the accident was corroborated by an emergency room report wherein Cameron reported that he injured his back on the job while using a jackhammer. When questioned about his failure to file an accident report, Cameron explained that he did not think it was necessary considering the fact that Schellange was with him when the accident happened and because he informed Schellange's son that he was unable to return to work because of his injury.
La. R.S. 23:1221(1)(c) provides in pertinent part that:
... compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment....
It is the workers' compensation court's function to determine the weight to be accorded medical and lay testimony in a workers' compensation claim for an award of disability benefits, and its factual determination should not be disturbed on appellate review unless it is clearly wrong and the trial court has committed manifest error. Starkman v. Munholland United Methodist Church, 97-661, p. 15 (La.App. 5 Cir. 1/4/98), 707 So.2d 1277, 1284; see also, Stobart v. State, Department of Transportation & Development, 617 So.2d 880 (La.1993).
The appellants argue that Cameron did not submit competent medical evidence at trial to prove the injuries that he sustained. We agree. We do, however, find that the East Jefferson General Hospital 19 March 1999 record given to Cameron, when read in conjunction with Cameron's testimony that he went to the hospital on the day of his alleged injury, is sufficient to establish the existence of an injury, but insufficient to establish anything further. That is, La. R.S. 23:1221(1)(c) requires an employee claiming injury to prove by "clear and convincing evidence, unaided by any presumption of disability" the nature of the injury sustained and his entitlement to disability benefits. Further, La. R.S. 23:1224 provides:
No compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injury continues for six weeks or longer after the accident, compensation for the first week shall be paid after the first six weeks have elapsed.
We conclude that the record before us does not establish by clear and convincing evidence that Cameron sustained a disability from the accident of 19 March 1999; *1072 the record only establishes that he suffered an injury of unknown severity.
The appellants point out that the medical reports from Cameron's treating physician, Dr. Laborde, do not mention the existence of a work-related accident. Cameron testified that he informed Dr. Laborde of the work-related accident and could not explain why it was not contained in the doctor's reports. The reason why this information was not contained in Dr. Laborde's reports is unexplained in the record before us. Dr. Laborde's deposition was not taken and he did not testify at trial.
The appellants further maintain that no medical records were produced in connection with a subsequent back surgery that Cameron claimed was performed by Dr. Jeffery H. Oppenheimer on 29 November 2000. Cameron testified about his back surgery, but failed to introduce any corresponding medical records or evidence at trial that could relate it to the 19 March 1999 accident.[3] The appellants also contend that Cameron failed to produce evidence from any medical professional stating that he was unable to return to work due to his injuries. We agree; the record is devoid of any competent evidence to establish that the back surgery was in any way related to the 19 March 1999 accident and/or that Cameron was unable to return to work due to his injuries of 19 March 1999. Appropriate medical evidence (e.g., certified medical records, depositions, health care professional's testimony) is required.
As previously indicated, the determinations by the workers' compensation judge as to whether Cameron's testimony was credible and whether Cameron has discharged his burden of proving his work-related injury and disability resulting therefrom are factual determinations that will not be disturbed on review in the absence of manifest error. Considering the extremely limited medical evidence and lay testimony presented, we find that the workers' compensation judge's conclusion that Cameron sustained a 19 March 1999 work-related injury is reasonable; however, the conclusion that Cameron sustained a disability therefrom is not.
The original trial judge failed to reserve unto Cameron the right to establish at a later date the nature of the disability sustained in the 19 March 1999 accident and to establish the dollar amount of the medical, medication, and transportation expenses. Obviously, the subsequent trial judge read a cold, dry record; that record lacked evidence that permitted the judge from determining if a disability occurred or the length of the disability, if any (whether it be none, a few hours, a few days, several weeks, or several months) and the medical, medication, and transportation expenses through the date of the trial. Further, the record before us does not show whether the subsequent surgery was related to the 19 March 1999 accident.
We read the trial judge's reservation of the right to determine the length of Cameron's disability at a later date as de facto a granting by the judge of a new trial on the issue of whether a disability was sustained and other matters related to the disability, such as the length of disability and the medical, medication, and transportation expenses related thereto. La. C.C.P. art. 2164. Although it can be said that Cameron has had his day in court to determine the issues of whether he sustained a work-related injury, whether he *1073 was disabled from the accident, the amount of weekly disability benefits to which he was entitled, and the quantum of his medical, medication, and transportation expenses through the date of trial, we conclude that the trial judge who read the cold, dry record concluded that the record before her was inadequate to resolve the issues, save the issue of whether Cameron sustained a work-related injury.[4] Again we note the absence in the record on appeal of competent medical evidence to establish by clear and convincing evidence a disability, the duration of Cameron's disability from the subject accident, and Cameron's entitlement to any post-accident medical, medicine, or transportation expenses.
In the present case, the award of the $2,000.00 penalty by the trial court has neither been assigned as an error on appeal nor briefed by the appellants. Ordinarily, this court does not consider and is not required to consider an issue not raised. Rule 2-12.4, Uniform Rules, Cts. of App.; La. C.C.P. art. 2164; Georgia Gulf Corp. v. Board of Ethics for Public Employees, 96-1907, p. 6 (La.5/9/97), 694 So.2d 173, 176. As a matter of law, whether Cameron is entitled to a penalty is controlled by La. R.S. 23:1201. That statute envisions that the injured worker not only proves that he or she has sustained a work-related injury, but also incurred medical expenses related to the injury. The record before us indicates that Cameron did not receive a bill for his emergency room visit on the day of the accident; whether Cameron went to Dr. Laborde for the 19 March 1999 accident is unclear; i.e., Cameron says it was work-related, but Dr. Laborde's notes do not indicate its being related to the 19 March 1999 accident at work. Because the record lacks clear and convincing evidence that Cameron sustained a disability as a result of the 19 March 1999 accident and the record is devoid of evidence whether "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employee or insurer receives written notice thereof,"[5] we find that the trial judge was premature in assessing a penalty. We therefore vacate that part of the judgment relating to a penalty.
In conclusion, conflicting evidence was presented in this case on the issue of whether a work-related accident occurred and whether Cameron sustained a disabling injury for which he was entitled to disability benefits. The workers' compensation judge resolved the conflict respecting the work-related injury in favor of Cameron. Based on our review of the record, we cannot say that the trial court was clearly wrong in finding that Cameron proved his claim that he sustained a work-related injury on 19 March 1999 by a preponderance of the evidence. However, the trial court erred in finding that Cameron proved that he was disabled as a result of the work-related injury. However, we read the trial court's judgment as the granting of a new trial on the issue of disability and the medical, medication, and transportation expenses related thereto. Accordingly, because of the extraordinary circumstances of this case as discussed above, we affirm the judgment in part as to the finding of a work-related injury, vacate the remainder of the judgment, and remand this matter to the trial court for a determination of whether Cameron sustained *1074 a disability from the subject accident, the length of the disability if in fact Cameron was disabled by the accident, the amounts of medical, medication, and transportation expenses related thereto, if any, and a penalty and attorney's fees, if any is due a matter of law.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
MCKAY, J., CONCURS IN THE RESULT.
CANNIZZARO, J., CONCURS IN PART AND DISSENTS IN PART.
CANNIZZARO, J., concurs in part and dissents in part.
I agree with the majority insofar as they affirm the workers' compensation judge's determination that Mr. Cameron sustained an injury in a work-related accident. However, I dissent from the majority insofar they vacate the remainder of the judgment and remand the matter for a new trial on the issues of whether Mr. Cameron sustained a disability in the work-related accident; the length of the disability, if any; the amounts of medical, medication, and transportation expenses related thereto; and penalties and attorney's fees, if any are due as a matter of law.
The majority concludes that the workers' compensation judge's reservation of the right to determine the length of Mr. Cameron's disability at a later date is de facto a granting by the judge of a new trial on the issue of whether a disability was sustained and other matters related to the disability. It is clear in the judgment itself that the workers' compensation judge found Mr. Cameron was disabled as a result of the work-related accident as she stated he was entitled to temporary total disability benefits; medical, medication, and transportation expenses; and a penalty of $2,000.00 for the employer's arbitrary and capricious actions. Thus, the issue of whether Mr. Cameron sustained a disability was litigated and determined in the trial court.
Furthermore, the majority correctly concedes that Mr. Cameron had his day in court but failed to produce competent medical evidence to establish by clear and convincing evidence that he sustained a disability as a result of the work-related accident. In other words, Mr. Cameron did not satisfy his burden of proof at trial to establish his entitlement to workers' compensation benefits. To grant Mr. Cameron a new trial on the issue of whether the work-related injury resulted in a disability amounts to giving him a second bite at the apple. There is no legal basis for doing so in this case. The record reflects that two attorneys represented Mr. Cameron at some point, but both withdrew from the case. Rather than retaining a new attorney, Mr. Cameron chose to try the matter on his own. Although he was at a distinct disadvantage, lacking the knowledge, skill, and expertise of a licensed attorney, he should bear the consequences of his decision. Unlike the majority, I cannot say extraordinary circumstances warrant the granting of a new trial on the disability issue.
For these reasons, I would reverse the part of the workers' compensation judgment that provides Mr. Cameron is entitled to recover temporary total disability benefits for an unspecified period of time; medical, medication, and transportation expenses; and penalties, and the part ordering a future hearing on the length of the disability. In all other respects, I would affirm the judgment.
NOTES
[1] The trial court did not determine the length of the claimant's disability, the amount of weekly benefits to which the claimant was entitled, or the amount of medical, medication, and transportation expenses, if any, due the claimant.
[2] At the time of his accident, Cameron was receiving social security disability payments.
[3] Although Cameron attached to his brief to this court documents that he asserts support his claims; the documents were not introduced in the trial court and thus we cannot consider them on this appeal.
[4] We note that during the course of the litigation Cameron was represented by two different lawyers, both of whom withdrew from representation. Cameron thereafter proceeded to represent himself.
[5] La. R.S. 23:1201 E.