893 So.2d 144 (2005)
Sylvia WILLIAMS, Plaintiff-Appellant
v.
SAINT GOBAIN CONTAINERS, Defendant-Appellee.
No. 39,313-WCA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2005.
*146 Street & Street, by C. Daniel Street, Monroe, for Appellant.
Rabalais, Unland & Lorio, by John J. Rabalais, Janice B. Unland, Covington, for Appellee.
Before WILLIAMS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a workers' compensation judgment in favor of Saint Gobain Containers ("Saint Gobain") and against the claimant, Sylvia Williams ("Ms. Williams"). The Workers' Compensation Judge ("WCJ"), in her written reasons, stated that Ms. Williams did not prove a causal connection between her carpal tunnel syndrome ("CTS") and her on-the-job duties. She further opined that the evidence submitted by Saint Gobain indicated that there were other potential explanations for Ms. Williams' condition and dismissed her claim with prejudice. For the reasons set forth herein, we affirm.

FACTS
Ms. Williams was hired around February 4, 2002, by Saint Gobain. Her job specification was a utility worker which encompassed several different duties, including, but not limited to: inspecting, auditing, general cleaning, re-selecting, hand packing and quality control. The jobs were rotated frequently; and, according to Ms. Williams' testimony, she never did one job continuously for more than five days. Prior to being hired by Saint Gobain, Ms. Williams underwent a preemployment physical examination, including tests on her hands, which she completed successfully. Ms. Williams testified that, when she began work at Saint Gobain, she had no numbness, pain or tingling sensations in her hands. She further testified that around late October 2002, she began to experience symptoms of what was eventually diagnosed as CTS.
Ms. Williams continued work at Saint Gobain until January 23, 2003, when the numbness and throbbing in her left hand became such that she could not sleep. Around this time, the numbness and throbbing also began in her right hand. She went to the emergency room at Lincoln General Hospital on January 24, 2003, and presented with numbness in her left hand after days of "re-packing" at Saint Gobain. She was taken off work at the recommendation of the emergency room physician and underwent surgery on both hands in February and April 2003. To date, Ms. Williams has not been released back to work by her physician.
The record indicates that some of Ms. Williams' previous jobs and life experiences may have resulted in pain to her hands and wrists. For example, prior to working at Saint Gobain, Ms. Williams worked in the warehouse for Davison Transport. During her employment with Davison, Ms. Williams performed one job exclusively, re-selecting glass, which was, by her own admission, very repetitive. Ms. Williams performed this job five days a week, eight hours a day, for the eleven-month duration of her employment at Davison.
Ms. Williams was also involved in an automobile accident in July 2002, after which she reported tingling in her hand *147 and was advised to avoid any repetitive movement. The record also indicates that Ms. Williams was suffering from upper extremity problems as early as 1997. The medical report dated December 22, 1997, of Dr. James Finley ("Finley"), plaintiff's treating physician and expert witness, states that Ms. Williams presented to him with pain and swelling in her wrists, a condition that Dr. Finley described as "... some yet to be diagnosed form of arthritic condition." At that time, Dr. Finley recommended that Ms. Williams not do anything other than answer the telephone and indicated that she was not able to work an eight-hour day. He also recommended a rheumatologic makeup, which was never done.

ACTION OF THE TRIAL COURT
This matter was tried on February 19, 2004, and the judgment was issued on April 20, 2004, in favor of Saint Gobain. The WCJ stated that Ms. Williams did not establish a causal connection between her employment duties at Saint Gobain and her CTS. This devolutive appeal followed.

DISCUSSION

STANDARD OF REVIEW
Factual findings in workers' compensation cases are subject to the manifest error rule. Hoy v. Gilbert, 98-1565 (La.3/2/99), 754 So.2d 207. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but, rather, whether they are reasonable. Stobart v. State through Dept. of Transportation & Development, 617 So.2d 880 (La.1993); Graham v. Georgia-Pacific Corp., 26,165 (La.App.2d Cir.9/23/94), 643 So.2d 352. When there is a conflict of testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel its own inferences and evaluations are reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In applying the manifest error standard, appellate courts must keep in mind that their initial function is not to decide factual issues de novo; and, where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the hearing officer, which are subject to the manifest error rule. Harris v. Casino Magic, 38,137 (La.App.2d Cir.1/28/04), 865 So.2d 301, writ denied, 04-0502 (La.4/8/04), 870 So.2d 275. It is the workers' compensation court's function to determine the weight to be accorded medical and lay testimony in a workers' compensation claim for an award of disability benefits, and its factual determination should not be disturbed on appellate review unless it is clearly wrong and the trial court has committed manifest error. Cameron v. Delta Plumbing, 03-0985 (La.App. 4th Cir.3/17/04), 870 So.2d 1067, citing Starkman v. Munholland United Methodist Church, 97-661 (La.App. 5th Cir.1/14/98), 707 So.2d 1277, writ denied by, 98-0400 (La.3/27/98), 716 So.2d 891.

WCJ Error  Ruling that Ms. Williams did not Adequately Prove her Claim
Ms. Williams argues that the WCJ did not give the proper weight to the evidence presented by Dr. Finley at trial. Saint Gobain argues, by way of contrast, that there is no evidence in the record that Dr. Finley's opinion was not given the proper weight of consideration by the WCJ.
*148 La. R.S. 23:1031.1 states, in pertinent part:
A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
B. ... Occupational disease shall include injuries due to work-related carpal tunnel syndrome....
D. Any occupational disease contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by a preponderance of evidence.
.....
In her written Reasons for Judgment, the WCJ relied heavily on Fite v. Louisiana Title Co., 36,393 (La.App.2d Cir.10/24/03), 859 So.2d 259, writ denied by, 03-3230 (La.2/20/04), 866 So.2d 829, in which this court addressed the burden of proof that must be met by a claimant asserting an occupational disease, stating, in part:
A claimant asserting an occupational disease must prove by a preponderance of evidence that there is a disability which is related to an employment-related disease, that the disease was contracted during the course of employment and that the disease is a result of the work performed. The causal link between an employee's occupational disease and work-related duties must be established by a reasonable probability. The claimant will fail if there is only a possibility that the employment caused the disease, or if other causes not related to the employment are just as likely to have caused the disease. Expert testimony is required to support a finding of an occupational disease. (Internal citations omitted.)
Ms. Williams argues that there is no evidence that she was disabled from employment due to CTS prior to her emergency room visit on January 24, 2003. Ms. Williams asserts that, per La. R.S. 23:1031.1(D), supra, she did, in fact, prove her claim by a preponderance of the evidence. She supports the above argument by stating that the WCJ's reliance on Fite, supra, was misplaced. She argues that Fite is inapplicable because it was decided under the old burden of proof, in existence before the statute was amended by Act No. 1189 in 2001.[1] Ms. Williams argues that she is not subject to the same burden as the claimant in Fite and, accordingly, that she met this lesser burden at trial. Accordingly, Ms. Williams states that the record indicates that the WCJ was manifestly erroneous in her ruling.
Saint Gobain asserts that there is no evidence in the record to indicate that Dr. Finley's opinion was not given the proper weight of consideration by the WCJ. It *149 goes on to point out that Ms. Williams cites no authority for the proposition that Dr. Finley's opinion should be given more weight than any of the other evidence produced at trial.
Saint Gobain submits that the real issue in the case sub judice is whether the evidence from Dr. Finley, submitted by Ms. Williams, was sufficient to prove, by a preponderance of the evidence, that her CTS was caused by her job duties at Saint Gobain. It points out that, in Fite, the claimant worked for the employer for three-and-a-half years; and, therefore, the presumption against causation, as stated in La. R.S. 23:1031.1(D), did not apply. Saint Gobain asserts that the burden in Fite was to prove causation "by a simple preponderance of the evidence." It states that Ms. Williams' argument that Fite was decided under a different, more stringent burden of proof is meritless. This is so because, according to Saint Gobain, the presumption under La. R.S. 23:1031.1(D) that would have brought this different burden of proof into play was inapplicable because the claimant in Fite worked for the employer for more than one year. Accordingly, Saint Gobain asserts that the WCJ was not manifestly erroneous in her findings. We agree.
In Davies v. Johnson Controls, Inc., 36,498 (La.App.2d Cir.10/23/02), 830 So.2d 462, this court confronted the issue of what burden of proof an employee must present to overcome the legal presumption that an occupational disease was not contracted during his or her employment of less than one year and, therefore, was not covered by the Workers' Compensation Act. We concluded in Davies that, for an employee who was employed for less than 12 months, we should utilize the presumption as instructed by the Code of Evidence arts. 301, et seq., and further concluded as follows:
In this case, the predicate fact for the operation of the legal presumption is the onset of symptoms of the occupational disease within the initial twelve months of employment. The predicate fact is therefore undisputed in this case since Davies was only employed for three months. The inference or presumption mandated by the legislature upon the establishment of the predicate fact is that Davies' CTS was not contracted in the course and scope of her employment with JCI, but was contracted before the time of her employment. The evidence necessary to controvert "the fact to be inferred" under C.E. art. 305 would therefore have to focus on Davies' work activities or life experiences before the time of Davies' employment. Such evidence might show that Davies had never previously utilized her hands and wrists in physical activities that could precipitate CTS and that she had never had symptoms of CTS prior to her employment with JCI. We do not find such evidence in the record of plaintiff's case. Therefore C.E. art. 305 applies, and the trier-of-fact must conclude that the contraction of CTS occurred prior to Davies' employment. (Emphasis added.)
Ms. Williams was employed at Saint Gobain for less than 12 months, had an employment history involving a great deal of repetitive work and two previous diagnoses of CTS-like problems. In the case sub judice, like in Davies, supra, the presumption mandated by the legislature is that Ms. Williams' CTS was not contracted within the course and scope of her employment with Saint Gobain, but, rather, prior to her time of employment. Accordingly, Ms. Williams' prior work activities and life experiences must be the focus. The record indicates that Ms. Williams' prior employment at Davison, as well as her automobile *150 accident, left her with CTS-like symptoms. Given this, and considering our standard of review as discussed, supra, we cannot conclude that the WCJ's findings were manifestly erroneous.
We further find meritless Ms. Williams' arguments that Dr. Finley's opinion was not given proper weight and that she adequately carried her burden under Fite, supra. As discussed in Cameron, supra, and Stobart, supra, absent manifest error, it is for the WCJ to determine the weight afforded witnesses in these matters. The record, when taken in full, and in the absence of any other jurisprudence indicating that Dr. Finley's testimony should have been afforded more weight, does not reveal that manifest error is present. Accordingly, we cannot say that the WCJ's findings were clearly wrong; and, therefore, we reject this assignment of error.

WCJ Error  the Repetitive Nature of Ms. Williams' Jobs at Saint Gobain
Ms. Williams next argues that, while her various duties at the Saint Gobain warehouse changed frequently, five of the seven duties she held involved extensive and repetitive motion of the hands and wrists. She states that "... rotat[ing] a person from one repetitive job to another doesn't give any relief at all." Saint Gobain asserts, by way of contrast, that this is simply an argument on behalf of Ms. Williams and that there is no evidence in the record to support this proposition.
Ms. Williams states that Saint Gobain's medical expert, Dr. Joe Morgan, "should not be granted any weight at all." She asserts that Dr. Morgan does not believe that CTS is caused by repetitive motion, but, rather, that only two types of jobs-meat packing and vibratory jobs  can cause this condition. Accordingly, she states, "if [Dr. Morgan's] testimony is given any weight whatsoever, then only people in [sic] meat packing and in vibratory jobs could win benefits for [CTS]." Accordingly, Ms. Williams argues that the WCJ was manifestly erroneous and should have ruled that the various duties that she performed, when considered as a whole, offered little relief from the repetitive hand and wrist motion that allegedly led to her CTS.
Saint Gobain initially points out that Ms. Williams provided no legal argument in support of this assignment of error.[2] It further asserts that Dr. Finley's report and letter stated that Ms. Williams' condition was caused by repetitious movement, but demonstrated no further knowledge of what her duties entailed. Accordingly, it asserts that the WCJ was correct in holding that Ms. Williams did not adequately establish that Dr. Finley had knowledge of her specific job duties as this court required in Fite, supra.
Saint Gobain further asserts that Ms. Williams' argument overlooks several key points. First, Ms. Williams, by her own testimony, indicated that her job duties were changed frequently. Second, Saint Gobain points out that Ms. Williams asserted that her condition arose while she was performing re-selecting duties; however, as the WCJ noted, Ms. Williams rarely performed re-selecting duties while employed by Saint Gobain. She did, however, exclusively perform re-selecting duties for her previous employer, Davison. Given this evidence, Saint Gobain asserts that the WCJ's finding of no causal connection between Ms. Williams' CTS and her duties at Saint Gobain was reasonable *151 and, therefore, not manifestly erroneous. We agree.
Based on our discussion of Cameron, supra, Stobart, supra, Rosell, supra, and Fite, supra, and in the absence of other legal argument or error, we rule that the WCJ's findings were not unreasonable or manifestly erroneous. As stated in Cameron, supra, the WCJ is free to determine the amount of weight to be accorded the testimony in this case. The record in the case sub judice seems to indicate, as discussed at length, supra, that Ms. Williams' prior work history and life experiences contributed greatly to her CTS. As such, we reject her argument on this assignment of error.

WCJ Error  Plaintiff's Previous Health Problems
In her final assignment of error, Ms. Williams argues that the WCJ erred in equating her earlier hand-related problems to her current problems with CTS and that the symptoms she experienced in her hands prior to her present condition were medically different and completely unrelated to CTS. She further states that the testimony of Saint Gobain's expert witness, Dr. Joe Morgan, should not be granted any weight in this case. Saint Gobain asserts, by way of contrast, that Ms. Williams' final assignment of error is without merit, or moot.
In Fite, supra, we concluded that medical reports, standing alone, do not provide the foundation for a claimant to meet his or her burden of proof. In it, we stated:
The claimant will fail if there is only a possibility that the employment caused the disease, or if other causes not related to employment are just as likely to have caused the disease. (Citations omitted.)
....
... [Treating physician's] medical reports lacked sufficient and reasonable foundation to show that Fite's ailments were "due to causes and conditions characteristic of and peculiar to" her particular job as a title examiner. Clearly, his opinion did not sufficiently establish a causal link between Fite's job and her disease, and it was unreasonable for the WCJ to give said reports greater weight in reaching a decision, making the final determination manifestly erroneous. (Citations omitted.)
Ms. Williams argues that the WCJ's reference to her emergency room visit of May 20, 1996, when she presented with a headache and swollen hands, was misplaced. She points out that, at that time, Dr. Finley was of the opinion that her swelling was caused by arthritis and stated that it "may have a rheumatologic basis." Ms. Williams further argues that the WCJ's reference to her automobile accident in July 2002 was misplaced. At that time, Ms. Williams presented with "a little bit of tingling in her hand;" however, she points out that the condition was never diagnosed as CTS. She states that the WCJ is "comparing apples to oranges" by concluding that her CTS is linked to her previous injuries/health issues. Ms. Williams contends that the WCJ was manifestly erroneous in her ruling in the case sub judice as these prior injuries were "totally different symptoms from carpal tunnel syndrome." Accordingly, Ms. Williams states that she should be awarded benefits in the amount of $416 per week plus legal costs.
Saint Gobain asserts that, under Fite, supra, this court found that opinions like that of Dr. Finley, standing alone, are not enough for a claimant to meet his or her burden of proof. It points out that the WCJ took note of this in her Reasons for Judgment. Saint Gobain asserts that *152 "[g]iven the burden of proof problems faced by [Ms. Williams], it becomes somewhat irrelevant what Dr. Morgan said." Saint Gobain further points out that the WCJ never relied on Dr. Morgan's opinion of what causes CTS, nor his opinion on causation, except for Ms. Williams' osteoarthritis at the base of her thumbs. Saint Gobain asserts that Ms. Williams is misinterpreting the WCJ's findings and that the WCJ merely found that she experienced CTS-like symptoms prior to her employment at Saint Gobain. We agree.
As we have discussed at length, supra, the record in the case sub judice indicates that Ms. Williams was experiencing CTS-like symptoms, if not CTS itself, prior to her employment at Saint Gobain as a result of previous employment and life experiences. As previously stated, nothing in the record indicates that Dr. Finley's testimony should be granted more weight and nothing indicates that the WCJ gave great credence to Dr. Morgan. Given our discussion of the standard of review in this case and of Fite, supra, we find that the WCJ's ruling was not unreasonable and, therefore, not manifestly erroneous. Accordingly, we reject this assignment of error.

CONCLUSION
For the reasons set forth herein, the judgment of the trial court in favor of Defendant-Appellee Saint Gobain Containers is affirmed. Costs of this appeal are assessed to Appellant, Sylvia Williams.
AFFIRMED.
NOTES
[1] The amendment changed the words from "an overwhelming preponderance" to "a preponderance."
[2] We note at this point that no case law or other jurisprudence was cited in support of this assignment of error.