These suits were consolidated for trial in the lower court, and also in this Court for submission, a separate decree to be entered in each suit.
The suits are the result of an automobile-truck collision which happened on Sunday morning of August 4, 1940, at about the hour of two o'clock, on the Bogalusa-Franklinton paved highway, about seven miles west of Bogalusa. In this accident James Babington, the son of the plaintiffs in the first suit, Ray Magee, the son of the plaintiffs in the second suit, and Wiley S. Burris, Jr., an unemancipated minor, son of the first named defendant, were killed.
The first named suit was first brought by Mrs. Vivian M. Babington, the divorced wife of John J. Babington, to recover damages in her own right, for the death of her unmarried son, in the sum of $5,000. On an exception of non-joinder filed by the defendants, her divorced husband intervened in the suit, seeking damages in the sum of $2,000 as his individual loss.
In the second named suit, Mr. and Mrs. Hampton J. Magee jointly seek damages in *Page 651 
the sum of $5,000 for the death of their unmarried son, Ray Magee.
The defendants are Wiley S. Burris Sr., and the Traders and General Insurance Company, the liability insurer of the automobile involved in the accident, which said automobile was owned by defendant Burris and which is alleged to have been driven at the time of the accident by his minor son, Wiley S. Burris, Jr., with his knowledge and consent.
The allegations of the petition of Mrs. Babington and of the intervention of her divorced husband, John J. Babington, and of the petition of Mr. and Mrs. Magee, which allegations are borne out by the testimony, are that Burris, Jr., had the use of his father's automobile on the evening preceding the unfortunate accident, and had invited the two other young men to accompany him from Franklinton, wherein they resided, to Bogalusa, for the intended purpose of attending a midnight picture show. It is further alleged, and the evidence shows, that these three young men left Franklinton to go to Bogalusa at about the hour of eight o'clock of the evening of August 3rd, or the night of the fatal accident.
The allegations of all petitions are that, on account of the fast and reckless driving of young Burris, he ran into the rear of a wood truck on the highway on their return from Bogalusa to Franklinton, resulting in the instant death of young Babington, and injuries to young Magee from which he died within a few hours. The charges of negligence against young Burris, the alleged driver of the car, are the lack of adequate brakes and excessive speed, it being alleged that young Burris knew or should have known that the brakes of the automobile were not functioning properly, and that at the time of the accident young Burris was driving at the rate of speed of ninety miles per hour.
The defendants filed exceptions of no right or cause of action and also of vagueness as against the demands of Mrs. Babington and Mr. and Mrs. Magee. As to the exception of no right or cause of action as to Mrs. Babington, we find from a minute entry that this exception was overruled; but we do not find anything in the record showing any disposition of the exception to the Magee petition, and under our jurisprudence the exception must be considered as having been overruled by not being mentioned in the judgment. The exceptions of vagueness levied against the petitions were satisfied by the filing of amended petitions, giving certain minor particulars as demanded. None of these exceptions are urged in this court, and they are deemed to have been abandoned by the defendants-appellants.
It is unnecessary to detail the answer of the defendants. Suffice it to say that the issues have been narrowed down to the questions, viz: (1) A denial that young Burris was driving the automobile at the time of the accident; (2) if he was, a denial of any negligence on his part; and (3) contributory negligence on the part of young Babington and Magee in their failure to caution Burris in his driving and/or to protect themselves against any result of his negligence, and (4) in their acquiescence of his driving without brakes and at excessive speed, all being then on a joint venture.
Upon these issues, the trial on the merits resulted in a judgment: In favor of Mrs. Babington and against defendant Burris and the insurance company, in solido, in the sum of $4,545.45, and against Burris individually in the sum of $454.55, totalling $5,000; in favor of Mr. John J. Babington, and against defendant Burris and the insurance company, in solido, in the sum of $909.91, and against defendant Babington, individually in the sum of $90.09, totalling the sum of $1,000; in favor of Mr. and Mrs. Magee and against defendant Burris and the insurance company, in solido, in the sum of $4,545.45; and against Burris individually in the sum of $454.55, totalling the sum of $5,000; thus making a grand total of damages awarded of $11,000. All three judgments against Burris and the insurance company, in solido, amount to $10,000, the limit for which the insurance company was bound for one accident, this amount being apportioned in accordance with the amounts granted in the judgments, and the residue being the individual responsibility of defendant Burris, that is, the sum of $1,000. Defendants have appealed. Intervenor or plaintiff John J. Babington has answered the appeal, praying that his judgment be increased from $1,000 to $2,000, the amount originally prayed for.
From a careful reading, diligent search and study of this record about the only facts of which we are certain are that Wiley S. Burris, Jr., obtained the automobile of his father with the latter's consent *Page 652 
on Saturday evening of August 3, 1940; that he invited the other two young men, James Babington and Ray Magee, to accompany him on a joy ride, with the pretense of attending a midnight picture show in Bogalusa; that all three left Franklinton at about the hour of eight o'clock that evening; that they were seen in Bogalusa at divers times at filling stations and night clubs, and that all three died through an accident which happened some seven miles west of Bogalusa. All of the remaining phases of this case are left by the record in such state that any further conclusion must be based almost entirely on conjecture or presumption.
We may state that these three young men had full knowledge of the traffic hazards of the road between Bogalusa and Franklinton and that all three were fast drivers. The record as we view it, is not clear as to which one was driving the automobile at any time, save and except when young Burris picked up young Babington at the latter's home. Thereafter, it appears that young Magee was picked up at a pool room in Franklinton. All three young men were used to driving one another's car at various times and depending on the particular circumstances. They were seen at a filling station at Franklinton just prior to their leaving the town. Babington's brother admonished young Burris to be careful in driving, yet he fails to state that young Burris was the driver of the automobile. The next we hear of these young men is when they were seen in Bogalusa at a filling station wherein the brakes were attended to. There, fluid was inserted in the brake cylinders and tested. The filling station attendant testified that the "big boy" was driving; as to who the "big boy" was, there is no evidence. The next witness who might be said to have somewhat identified the driver of the car is another filling station attendant who testified that these boys visited his place of business at around one o'clock in the morning, or about one hour prior to the accident, yet this witness only states that he thought that young Burris was driving. They were later seen at a night club, and again the evidence does not show that young Burris was driving. Plaintiffs contend that since a 1" x 10" board was found resting on the steering wheel and on the base of the windshield, with blood on it, and that since young Burris was decapitated above the cars, it necessarily follows that young Burris was the driver of the automobile. Without expressing a definite conclusion thereon, we say, in passing, that since all of the three young men had head injuries and that the blood stains on the board were not identified, that this does not conclusively show that young Burris was the driver of the car. We are therefore in a dilemma as to who was driving the automobile on this tragic trip.
As to the driver's negligence, whoever he might have been, the evidence does show that as soon as these three young men reached Bogalusa, they visited a filling station for the purpose of having the brakes of the automobile adjusted and that fluid was inserted in the brake cylinders, and that the automobile then had good brakes and that therefore this charge of negligence has passed out of the case.
As to the negligence of the driver of this automobile, at the time of the accident, we are again in a dilemma as to the rate of speed. The evidence shows that all three of these young men were fast travelers. The physical facts only show that the truck involved in the accident, at the time it was struck was on an incline of a hill, the exact size of the hill or grade of the hill not being shown, and that the truck was damaged on its left rear side, its left wheel being broken or smashed, and that the truck was facing in the direction of Franklinton, presumably in the direction it was traveling, at the time of the accident. The automobile was found some seventy-five to ninety feet to the west of the truck, its rear end banked on the south side of the ditch, completely wrecked, with its right front wheel missing, the right front wheel thereafter being found on the north side of the road some one hundred yards away from the automobile. The evidence further shows that the car had turned over at least once. The bodies of the young men were found at points about as follows: Magee, near the truck; Babington, about midway between the truck and automobile; and Burris, underneath the running board of the automobile. There is evidence that Pigott, the presumed driver of the truck involved in this accident, was also injured, the extent not being shown.
There is no evidence in this record giving us a description of the road at the point of the accident, the width of the pavement, its shoulders, the ditches and the banks, the straightness of the highway, any intersecting roads, or inclines, and the weather condition then prevailing. In so *Page 653 
far as the point of collision is concerned, there is no evidence establishing the same; the record lacks any evidence of any skid marks or abrasions on the pavement, broken glass, grease or anything fixing the point. We also lack evidence showing whether the purported truck in this accident was loaded with anything, its construction, whether it was traveling or parked, and its movements, if any, just prior to the collision or thereafter. The only thing we can say is that we can conclude from the evidence that these three young men were not driving, prior to the accident, at a slow speed. This, in itself, cannot be said to be a proximate cause of the accident.
Another feature of the case which should be given consideration, on which the evidence is lacking, is whether or not there were obstacles, such as an on-coming car with glaring headlights, to interfere with the driver of the automobile involved herein as was found in the case of Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377.
The defendants raise the question as to the presumption arising from the fact that Pigott, the truck driver, who was injured in the accident, was not called as a witness for plaintiff. We do not attach much weight to defendants' contention that a presumption arises against plaintiff in this connection, but we do say that Pigott, the only survivor of this tragic accident, should have been a witness in the case and his testimony taken. There is no evidence in the record to show where Mr. Pigott resided or why he was not called to testify either in person or by deposition. His testimony could and should show the construction of this truck allegedly involved in this collision; the load of his truck, if any; the rate of speed of the truck, if traveling; or whether it was parked, and if so, how; whether or not there were traffic hazards such as on-coming cars, and what the driver of the truck did. This witness was the only survivor of this accident and his testimony should have been introduced or a showing made as to why it was not available.
We feel that the records presented herein are not sufficient for us properly to pass on the question of liability, and in the interest of justice and exercising the discretion given to us under Code of Practice, Article 906, we deem it best to reverse the judgments herein, and to remand the cases for further testimony along the lines indicated herein.
For the reasons this day handed down in the consolidated cases of Mrs. Vivian M. Babington et al, and Hampton J. Magee et ux v. Wiley S. Burris, Sr., the judgment herein is hereby set aside and reversed and it is now ordered that the case be remanded to the District Court to be proceeded with according to law and the views therein expressed.
LeBLANC, J., concurs.
OTT, J., concurs in decree.