# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 05-1307


ROSE A. ROSE

VERSUS

MAISON DEVILLE CARE CENTER


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 04-03753
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## BILLY HOWARD EZELL
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.


**AFFIRMED AS AMENDED.**

**Brian Paul Bowes**
**Hudson, Potts & Bernstein**
**P. O. Drawer 3008**
**Monroe, LA 71210-3008**
**(318) 388-4400**
**Counsel for Defendant/Appellant:**
**Maison Deville Care Center**

**Bray Williams**
**Williams Family Law Firm, L.L.C**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellee:**
**Rose A. Rose**

**EZELL, JUDGE.**

In this workers' compensation matter, Maison Deville Care Center appeals the decision of the workers' compensation judge awarding Rose A. Rose temporary total disability benefits (TTD), supplemental earnings benefits (SEB), and penalties and attorney fees for the failure to pay indemnity benefits and for the discontinuation of medical benefits. For the following reasons, we affirm the decision of the workers' compensation judge.

Ms. Rose began working for the Maison Deville nursing home as a certified nursing assistant in October of 2002. Her job duties entailed the care of eight or more patients a day, including frequent lifting and turning of the patients. She was a full-time employee earning an average weekly wage of $244.00. In January of 2004, Ms. Rose began experiencing pain and numbness in her right hand and fingers. While she was able to work through the discomfort, she had difficulty sleeping due to the pain. On March 30, 2004, Ms. Rose attempted to roll a patient over when she experienced an immediate pain in her wrist that was greater than it had previously been. She did not return to work at Maison Deville after the incident.

Ms. Rose filed an accident report with Maison Deville and eventually saw Dr. John Sandifer, an orthopedic physician, who diagnosed her as having carpal tunnel syndrome (CTS) and possible tendinitis in her wrist. She was given anti-inflammatory medication and taken off work. Ms. Rose failed to progress and was given a cortisone injection in her wrist. She was never released to return to work at Maison Deville and was eventually fired because she had not been released to work.

On April 21, 2004, Risk Management Services, the third-party administrator for Maison Deville, denied compensability for the injury, deeming it to be unrelated to work. Medical benefits were terminated that day. Ms. Rose filed a disputed claim for compensation. The workers' compensation judge awarded Ms. Rose wage

indemnity and medical benefits as well as penalties and attorney fees for the arbitrary and capricious denial of indemnity benefits and for the discontinuation of medical benefits. From this decision, Maison Deville appeals. Ms. Rose answers the appeal, seeking additional penalties and attorney fees for failure to pay medical bills in full and seeking an increase in attorney fees for work done on appeal.

Maison Deville asserts three assignments of error on appeal. They claim that the workers' compensation judge erred in: finding that Ms. Rose met her burden of proof, failing to consider alleged inconsistencies in the medical histories provided by Ms. Rose, and awarding Ms. Rose penalties and attorney fees. For the following reasons, we disagree.

In *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840, pp. 7-8 (La. 7/1/97), 696 So.2d 551, 556 (alteration in original), the supreme court set forth the standard of review for factual findings in workers' compensation matters:

> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of review. *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Freeman*, 93-1530 at p. 5, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. *Stobart*, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

Generally, an injured employee is entitled to receive benefits for an injury that arises out of, and in the course of, his employment. La.R.S. 23:1031. Specifically, La. R.S. 23:1031.1 governs workers' compensation claims for occupational disease.

"An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease." La.R.S. 23:1031.1(B). A claimant asserting an occupational disease must prove by a preponderance of evidence that there is a disability which is related to an employment-related disease, that the disease was contracted during the course of employment, and that the disease is a result of the work performed. *Hymes v. Monroe Mack Sales*, 28,768 (La.App. 2 Cir.10/30/96), 682 So.2d 871. The causal link between an employee's occupational disease and work-related duties must be established by a reasonable probability. *Id*.

Maison Deville asserts as its first assignment of error that the workers' compensation judge erred in finding that Ms. Rose suffered an occupational disease when her diagnosis was CTS and that the evidence failed to establish that the injury was linked to her employment at Maison Deville. However, Maison Deville submitted no competent evidence to contradict the testimony of Dr. Sandifer that, based on the history given to him by Ms. Rose and the exam he performed on her, the CTS was work related. Maison Deville claims that Dr. Sandifer was unaware of Ms. Rose's duties as a CNA. However, his testimony indicates otherwise, as he testified that he had treated CNAs in the past, was aware of the repetitive motions their duties entailed, and that the repetitive motions performed by Ms. Rose as a CNA could lead to CTS. He stated that the accident of March 30, 2004, could have aggravated the condition. Ms. Rose's regular treating physician, Dr. Archie Breazeale, further testified that, while he would defer to Dr. Sandifer as an orthopedist who deals more frequently with CTS cases, the duties of a CNA could cause CTS because they involve frequent flexion and extension of the wrists.

3

Furthermore, Maison Deville's own choice of physician, Dr. Gordon Mead, reported that Ms. Rose most likely had CTS and that it most likely started in 2004 at the time of her injury.[1] While he does find a definitive cause of the disease, stating that the condition is "not necessarily related to" the trauma caused by the accident, he clearly does not contradict Dr. Sandifer's determination that the CTS was, in fact, work related. Maison Deville did send Ms. Rose's file to Dr. James Poche, an out-of-state physician for utilization review. While Dr. Poche noted that he did not feel Ms. Rose's CTS constituted an occupational illness, there is no evidence of the qualifications of this doctor, what kind of medicine he practices, and most damningly, he never examined Ms. Rose. The workers' compensation judge gave no weight to his determination, and we agree with that decision. The record clearly establishes a reasonable basis for the findings of the workers' compensation judge that a causal link existed between Ms. Rose's employment and CTS. Accordingly, that conclusion that was not manifestly erroneous.

Maison Deville next claims that the workers' compensation judge erred in relying on Ms. Rose's physicians' opinions, as they allege she gave inconsistent medical histories. We find this assignment of error to be without merit. Maison Deville claims that Ms. Rose did not tell Dr. Sandifer about the lifting incident, only pain and numbness while sleeping in giving her history to him. We find this argument to disingenuous at best, as Dr. Sandifer testified that Ms. Rose had indeed told him about the accident while in his office. Although the histories given to Dr. Sandifer and Dr. Mead could be deemed slightly inconsistent, it is not sufficient to conclude that the workers' compensation judge was manifestly erroneous in finding

---

[1] Dr. Mead stated in his report to Maison Deville that the pain most likely began in August of 2004, which is an obvious error. However, he discusses an alleged injury, which can only lead to the belief that he was referencing the March 30, 2004 accident.

a causal link between work and injury. "A worker is not required to relate her history to a doctor with mathematical precision and the imprecise histories given are insufficient to show manifest error when the overall tenor of [plaintiff's] complaints of pain as portrayed in her medical records related the onset of symptoms to her work." *Johnson v. Johnson Controls, Inc.*, 38,495, p.15 (La.App. 2 Cir. 5/12/04), 873 So.2d 923, 933.

Finally, Maison Deville claims that the trial court erred in awarding Ms. Rose penalties and attorney fees. The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding must not be disturbed on appeal absent manifest error. *Wiltz v. Baudin's Sausage Kitchen*, 99-930 (La.App. 3 Cir. 6/19/00), 763 So.2d 111, *writ denied*, 00-2172 (La. 10/13/00), 771 So.2d 650. "To avoid penalties and attorneys fees for the nonpayment of benefits, the employer or insurer is under a continuing duty to investigate, to assemble, and to assess factual information before denying benefits." *George v. Guillory*, 00-591, p. 13 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209.

As indicated by their April 21 letter to Dr. Sandifer, Maison Deville relied on the opinion of Dr. Poche, the utilization review physician, to deny benefits in this case. As stated in *Harrington v. Coastal Construction & Engineering*, 96-681, p. 3 (La.App. 3 Cir. 12/11/96), 685 So.2d 457, 459, *writ denied*, 97-109 (La. 3/7/97), 689 So.2d 1375, "the employer must rely on competent medical advice *when* the decision to deny the medical treatment is made." The mere production of a different opinion of a doctor who never examined the claimant does not constitute competent medical advice sufficient to reasonably controvert the claim. *Id*. "While a utilization review process has its place in the workers' compensation process, this court has consistently held that a long-distance diagnosis by a physician advisor is not an acceptable basis

5

for denial of treatment and benefits." *LeMelle v. Wal-Mart Stores, Inc.*, 04-527, p.10 (La.App. 3 Cir. 9/29/04), 883 So.2d 526, 533. We can find no manifest error in the decision of the workers' compensation judge to award penalties and attorney fees in this case.

Ms. Rose answers the appeal of Maison Deville, seeking penalties and attorney fees for the underpayment of some of Dr. Sandifer's bills for treatment of her CTS and to seek additional attorney fees for work done on appeal. However, the workers' compensation judge found the evidence put forth by Ms. Rose to be insufficient to establish an award of penalties and attorney fees. While there is some evidence regarding this claim, we do not find the decision of the workers' compensation judge to be manifestly erroneous. However, we award Ms. Rose an additional $2,500.00 in attorney fees for work done on this appeal.

For the above reason, the decision of the workers' compensation judge is amended to increase the award of attorney fees by $2,500.00. In all other respects the decision is affirmed. Costs of this appeal are assessed against Maison Deville.

**AFFIRMED AS AMENDED.**