STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1195

CLARA EVANS

VERSUS

HAMPTON INN

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
PARISH OF RAPIDES DISTRICT 02, NO. 06-03795
HONORABLE JAMES L. BRADDOCK, WORKERS' COMPENSATION
JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion,
Judges.

**AFFIRMED.**

**Mark Ackal**
**P.O. Box 52045**
**Lafayette, LA 70505-2045**
**Counsel for Defendant-Appellant:**
     **Hampton Inn**

**George A. Flournoy**
**P.O. Box 1270**
**Alexandria, LA 71309**
**Counsel for Plaintiff-Appellee:**
     **Clara Evans**

**PAINTER, Judge.**

Defendant, Hampton Inn, appeals the workers' compensation judge's ruling in favor of Clara Evans. The WCJ found that Evans established that her carpal tunnel syndrome was related to her work activities, that she was entitled to medical benefits including a carpal tunnel release surgery, and that she was entitled to temporary total disability benefits. The WCJ further awarded penalties for failure to authorize medical treatment and failure to pay indemnity benefits as well as attorney's fees. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Evans had been employed by Hampton Inn since September of 2004. In 2006, she held the position of executive housekeeper. One of her duties included "deep cleaning" bathrooms. This involved Evans getting down on her hands and knees and scrubbing the tile floors in the bathrooms with a small brush. Evans usually "deep cleaned" two rooms per day. Evans testified that she was right-handed. On May 8, 2006, Evans was seen at Huey P. Long Medical Center by Dr. Ernest Kelly for complaints of right-hand pain which she reported had been bothering her for about two months. According to Evans, her right hand would swell, go numb, and tingle. She was diagnosed with cervical arthritis and given a volar splint for her right hand. She was also given a work excuse from Dr. Kelly which indicated that she should be placed on light duty for two weeks. She returned to work on May 9, and this was her last day at work. Evans was sent home after a verbal argument with a co-worker and told that there was no light duty work for her to do.

Evans testified that she reported an injury to her right hand from deep cleaning the bathrooms to the assistant manager, Elaine Sparks, and that she told the manager,

Tarak Patel, that she was having problems with her right hand which she associated with her housekeeping duties at the hotel. Sparks and Patel denied that they had been told these things. Evans saw several physicians over the next few months. On October 11, 2006, an EMG showed severe right carpal tunnel syndrome with mild C6 root irritation on the right side. On November 2, 2006, Evans' physician, Dr. Clark Gunderson, recommended a right carpal tunnel release. Dr. Gunderson opined that Evans' carpal tunnel syndrome was causally connected to or brought about by her work activities.

Evans filed the instant disputed claim for compensation against Hampton Inn seeking weekly indemnity benefits, medical treatment, and penalties and attorney's fees. Hampton Inn denied all of Evans' claims and further alleged that she forfeited her right to receive any benefits due to her fraudulent statements. Following a trial on the merits, the WCJ held that Evans had proven that her carpal tunnel syndrom was work-related and was, therefore, entitled to temporary total disability benefits retroactive to May 10, 2006 (subject to credit for vacation paid by Hampton Inn)[1], medical travel expenses, prescription expenses, and medical expenses without discount per the fee schedule, and for all future work-related medical expenses incurred after judgment pursuant to the fee schedule. The WCJ denied Evans' claims for sanctions but awarded $2,000.00 in penalties for failure to authorize medical treatment and $2,000.00 in penalties for failure to pay indemnity benefits. Attorney's fees in the amount of $5,000.00 were also awarded. Evans filed a motion for partial new trial and a motion to recuse the WCJ. Both motions were denied. This appeal

---

[1]We note that the judgment indicates May 11, 2007 as the date. However, this is inconsistent with the WCJ's oral reasons for judgment.

was then perfected by Hampton Inn.  We note that Evans has neither answered the appeal nor filed her own appeal.

## DISCUSSION

This court has recently noted:

> The standard of review applied to factual findings in workers' compensation matters is the manifest error standard.  This standard, which is based upon the reasonableness of the factual findings in light of the record reviewed in its entirety, is well established in our jurisprudence following the seminal cases of *Rosell v. ESCO*, 549 So.2d 840 (La.1989), and *Stobart v. State, through Department of Transportation and Development*, 617 So.2d 880 (La.1993).

*Lollis v. Shaw Global Energy Services*, 07-395 p. 3 (La.App. 3 Cir. 10/03/07), 966 So.2d 1118, 1120.  If the conclusions of the fact finder are reasonable in light of the record reviewed in its entirety, we cannot reverse, even if we would have weighed the evidence differently.  *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990).

Furthermore:

> Generally, an injured employee is entitled to receive benefits for an injury that arises out of, and in the course of, his employment.  La.R.S. 23:1031.  Specifically, La.R.S. 23:1031.1 governs workers' compensation claims for occupational disease.  "An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease."  La.R.S. 23:1031.1(B).  A claimant asserting an occupational disease must prove by a preponderance of evidence that there is a disability which is related to an employment-related disease, that the disease was contracted during the course of employment, and that the disease is a result of the work performed.  *Hymes v. Monroe Mack Sales*, 28,768 (La.App. 2 Cir.10/30/96), 682 So.2d 871.  The causal link between an employee's occupational disease and work-related duties must be established by a reasonable probability.  *Id*.

*Rose v. Maison Deville Care Center*, 05-1307, pp. 2-3 (La.App.3 Cir. 4/5/06), 927 So.2d 625, 627, *writ denied*, 06-1054 (La. 9/1/06), 936 So.2d 205.

3

This court has also recognized:

> As stated in *Bruno v. Harbert International Inc.*, 593 So.2d 357, 361 (La.1992):
>
>> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise*, Workers' Compensation, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends. Malone & Johnson, supra; *Nelson* [*v. Roadway Express, Inc.*, 588 So.2d 350 (La.1991) ]. Corroboration may also be provided by medical evidence. *West, supra*.

*Lollis*, 966 So.2d at 1120-21.

Louisiana Revised Statutes 23:1031.1 governs workers' compensation claims for occupational disease and provides, in pertinent part, as follows:

> B. An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
>
>  . . . .
>
> D. Any occupational disease contracted by an employee while performing work for a particular employer in which he has been engaged for less than twelve months shall be presumed not to have been contracted in the course of and arising out of such employment, provided, however, that any such occupational disease so contracted within the twelve months' limitation as set out herein shall become compensable when the occupational disease shall have been proved to have been contracted during the course of the prior twelve months' employment by a preponderance of evidence.

4

In this case, Hampton Inn argues that "the finding by the WCJ that Evans sustained a work related accident that resulted in her injuries, specifically that her carpal tunnel syndrome is work-related, is not supported by the record, is manifestly erroneous, is clearly wrong and must be reversed." We do not agree.

We first consider Hampton Inn's argument that it is presumed that Evans' carpal tunnel syndrome was not caused by her job duties because it manifested itself less than twelve months after Evan became responsible for deep cleaning bathroom floors. This presumption, however, is rebuttable and can be overcome if a claimant can prove "by a preponderance of the evidence that the disease was contracted during her employment, specifically proving that there is a disability which is related to an employment-related disease, the disease was contracted during the course of employment, and the disease is a result of the work performed." *Johnson v. Johnson Controls, Inc.*, 38,495, p. 12 (La.App. 2 Cir. 5/12/04), 873 So.2d 923, 931-32 (citing *Ball v. Wendy's Intern. Inc.*, 36,922 (La.App.2d Cir.03/05/03), 839 So.2d 1208, *writ denied*, 03-0978 (La.05/30/03), 845 So.2d 1056). The WCJ can consider medical reports admitted into evidence or expert testimony to determine whether a claimant has overcome the presumption. *Id*. (citing *Fite v. Louisiana Title Co.*, 02-2607 (La. 06/27/03), 852 So.2d 983). We further note that, in brief, Hampton Inn quotes La.R.S. 23:1031.1 as reading "an overwhelming preponderance of the evidence" and goes on to discuss the meaning of this phrase and the legislative intent involved. However, Acts 2001, No. 1189, § 1, effective June 29, 2001, at the end of subsection D, substituted "a preponderance" for "an overwhelming preponderance." Therefore, we find no merit in Hampton Inn's argument that a higher burden of proof than "preponderance" applies to this case where the injury occurred in 2006.

5

In any event, the WCJ made no mention of the presumption stated in La. R.S. 23:1031.1(D) in this case. However, the record shows that Evans' symptoms manifested themselves well within the initial twelve month period of her employment as executive housekeeper. With this presumption in place, Evans had to prove by a preponderance of the evidence that her carpal tunnel was contracted during her employment. Evans did testify that she was required to deep clean bathrooms prior to her promotion to executive housekeeper. Based on the record as a whole and the deposition testimony of Dr. Gunderson, the WCJ concluded that Evans had carpal tunnel syndrome caused by her housekeeping duties. Even though the WCJ may not have considered the presumption in favor of Hampton Inn, we cannot say that the final determination on this particular issue was in error, because we find no manifest error in the WCJ's conclusion that Evans suffered from carpal tunnel syndrome and that she carried her burden of proving that her employment caused that condition.

Hampton Inn acknowledges that Dr. Gunderson opined that scrubbing floors was the cause of Evans' carpal tunnel syndrome. It asserts that this opinion was based upon false and unreliable information provided to him by Evans. The WCJ found Evans to be a credible witness and was in the best position to make this determination. "A worker is not required to relate her history to a doctor with mathematical precision and the imprecise histories given are insufficient to show manifest error when the overall tenor of [plaintiff's] complaints of pain as portrayed in her medical records related the onset of symptoms to her work." *Johnson*, 873 So.2d at 933. The medical records in this case show that Evans complained of right hand pain and numbness dating back to April or May of 2006, and that she mainly related it her job duties. Therefore, we find no manifest error in the trial court's

6

conclusion that Evans' carpal tunnel syndrome was related to her duties with Hampton Inn.

Dr. Gunderson also opined that Evans was disabled and unable to work. Hampton Inn submitted no evidence to the contrary. Therefore, we find no manifest error in the WCJ's conclusion that Evans is entitled to temporary total disability benefits.

Hampton Inn also contends that Evans failed to prove the necessity of the treatment and the causal connection between the treatment and the employment related accident by a preponderance of the evidence such that the WCJ erred in awarding medical benefits. Again, we do not agree. We have already found that Evans proved that her carpal tunnel syndrome was related to her employment duties at Hampton Inn. The totality of the records supports the WCJ's finding that Evans proved that she is entitled to recover her medical expenses and medical care. Therefore, we find no manifest error in this ruling. Furthermore, we agree that since Hampton Inn denied the claim from outset, it "is not entitled to rely on the fee schedule benefits after making a total denial of the claim and forcing the claimant to seek medical treatment unilaterally." *Smith v. Roy O. Martin Lumber Co.*, 03-1441, p.8 (La.App. 3 Cir. 4/14/04), 871 So.2d 661, 668, *writ denied*, 04-1311 (La. 9/24/04), 882 So.2d 1144.

Finally, Hampton Inn contends that the WCJ erred in awarding penalties and attorney's fees. The determination of whether an employer should be cast with penalties and attorney's fees is a question of fact, and the trial court's finding cannot be disturbed absent manifest error. *Wiltz v. Baudin's Sausage Kitchen*, 99-930 (La.App. 3 Cir. 6/19/00), 763 So.2d 111, *writ denied*, 00-2172 (La.10/13/00), 771

7

So.2d 650. "The employer has a continuing duty to investigate, assemble, and assess factual information before it denies benefits." *Mitchell v. Alliance Compressors*, 05-1186, p. 8 (La.App. 3 Cir. 4/5/06), 926 So.2d 127, 133. Here the WCJ found that Hampton Inn failed to do a proper investigation and failed to send Evans to any healthcare provider to obtain any medical information as to connexity and causality of her carpal tunnel syndrome. We agree and find no manifest error in the award of penalties or attorney's fees.

## DECREE

For the foregoing reasons, we affirm the judgment of the WCJ. Costs of this appeal are assessed against Defendant-Appellant, Hampton Inn.

**AFFIRMED.**